## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

LINDELE KEVIN PARKER,

    Plaintiff,

    v.

COUNTY COMMISSIONER and
CIRCUIT COURT FOR WICOMICO
COUNTY, SALISBURY, MARYLAND,

    Defendants.

Civil Action No. TDC-20-0358

## ORDER

On February 10, 2020, Plaintiff Lindele Kevin Parker, currently confined at the Wicomico
County Detention Center in Salisbury, Maryland, filed the above-captioned Complaint
accompanied by a Motion for Leave to Proceed in Forma Pauperis. Because Parker appears to be
indigent, his Motion for Leave to Proceed in Forma Pauperis will be granted.

Parker alleges that a Wicomico County Commissioner ("Commissioner") and the Circuit
Court for Wicomico County in Salisbury, Maryland ("Circuit Court") violated his rights under the
Eighth Amendment to the United States Constitution by failing to consider the necessary factors
in setting his bail and signing a warrant for his arrest without probable cause. Because Parker is a
prisoner suing "a governmental entity or officer or employee of a governmental entity," the Court
must screen his Complaint before it may proceed, and the Court must dismiss any part of the
Complaint that, as relevant here, fails to state a claim upon which relief may be granted. 28 U.S.C.
§ 1915A(a), (b)(1) (2018). A self-represented party's complaint must be construed liberally.
*Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a self-represented plaintiff must still carry

"the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Here, Parker's Complaint, even construed liberally, cannot provide any basis for relief. The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or subjects of any Foreign State." U.S. Const. amend. XI. In effect, the Eleventh Amendment bars suits for damages against a state in federal court unless the state has waived sovereign immunity or Congress has abrogated its immunity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.").

Although Maryland has waived its sovereign immunity for certain types of cases brought in state courts, *see* Md. Code Ann., State Gov't § 12-201(a) (LexisNexis 2014), it has not waived its immunity under the Eleventh Amendment to a suit of this kind in federal court. Accordingly, Parker's Complaint against the Circuit Court, an agency of the State of Maryland, is barred by the Eleventh Amendment and will be dismissed.

The Commissioner is also immune from suit. "'Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune.'" *Grant v. Maryland*, No. PWG-17-2816, 2018 WL 1069363, at *2 (D. Md. Feb. 26, 2018) (quoting *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994)). State court commissioners are entitled to absolute quasi-judicial immunity for their actions in approving warrants and setting conditions of release and bond. *Id.* (citing *Horsey*

2

*v. State Comm'r #2112*, No. ELH-14-397, 2014 WL 2548130, at *1-2 (D. Md. June 4, 2014));

*accord Horn v. Maryland*, No. PWG-17-3633, 2018 WL 704851, at *3 (D. Md. Feb. 2, 2018); *see also Davis v. DiPino*, 655 A.2d 401, 406 (Md. 1995) (recognizing that the district court commissioner was "entitled to absolute judicial immunity from civil liability for violations of both Maryland law and 42 U.S.C. § 1983 for his actions as a judicial officer in issuing the arrest warrant"). Here, Parker alleges that the Commissioner arbitrarily set his bail. This action is "simply not cognizable because setting bail and refusing to release a defendant are actions which fall naturally within a commissioner's judicial capacity." *Suire v. State Comm'r Burns*, No. JKB-13-3106, 2013 WL 12112948, at *1 (D. Md. Oct. 24, 2013), *aff'd sub nom. Suire v. State Comm'r*, 549 F. App'x 189 (4th Cir. 2013). Therefore, the Commissioner is entitled to absolute quasi-judicial immunity and Parker's claim against him will be dismissed.

To the extent that Parker is seeking review of his bail determination, the Court is powerless to conduct such a review. *See* 28 U.S.C. 2254(b)(1); *Elyazidi v. SunTrust Bank*, 780 F.3d 227, 233 (4th Cir. 2015) ("Jurisdiction to review state court decisions lies not with the lower federal courts, but exclusively with superior state courts and, ultimately, the United States Supreme Court." (citation omitted)). Parker must seek such relief in state court in the first instance.

Accordingly, it is hereby ORDERED that:

1. Parker's Motion for Leave to Proceed in Forma Pauperis, ECF No. 2, is GRANTED.

2. Parker's Complaint is DISMISSED.

3. The Clerk is directed to CLOSE this case.

Date: February **20**, 2020

THEODORE D. CHUANG
United States District Judge

3